1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE ⟩
COMMISSION, ⟩
⟩ Case No.: 2:13-cv-02280-GMN-PAL
        Plaintiff, ⟩
  vs. ⟩ **ORDER**
⟩
MALOM GROUP AG, et al. ⟩
⟩
        Defendants. ⟩
_____ ⟩

Pending before the Court is the Motion to Vacate Final Judgment (ECF No. 39) filed by

Defendant James C. Warras ("Defendant").  Plaintiff United States Securities and Exchange

Commission ("Plaintiff" or "SEC") filed a Response (ECF No. 41).  For the reasons discussed

below, Defendant's Motion is **GRANTED**.

## I.     BACKGROUND

Plaintiff filed its Complaint on December 16, 2013, alleging violations of various

provisions of the Securities Act and Exchange Act. (Compl. ¶¶ 195–212, ECF No. 1).

Defendant failed to timely file an Answer, and Plaintiff filed a Motion for Entry of Clerks

Default on January 23, 2014 (ECF No. 14), which was granted on January 24, 2014 (ECF No.

15).  On February 10, 2014, Plaintiff filed a Motion for Judgment (ECF No. 18), which the

Court granted on September 15, 2014 (ECF No. 37) and amended on October 9, 2014 (ECF

No. 44).  However, before the Court entered default judgment against Defendant, Defendant

filed an untimely Answer on March 14, 2014 (ECF No. 23), and Defendant filed the instant

motion on September 29, 2014 (ECF No. 39).

## II.    LEGAL STANDARD

In considering a motion to set aside a default judgment under Rule 60(b) of the Federal

1    Rules of Civil Procedure, three factors should be evaluated: (1) whether the plaintiff will be

2    prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable

3    conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  In

4    taking these factors into account, the court is sensitive to the principle that default judgments

5    are generally disfavored, so courts should attempt to resolve motions for default judgment to

6    encourage a decision on the merits. *See McMillen v. J .C. Penney Co.*, 205 F.R.D. 557, 558 (D.

7    Nev. 2002) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001);

8    *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085,

9    1091 (9th Cir. 2010) ( "Crucially, however, 'judgment by default is a drastic step appropriate

10   only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"

11   (citing *Falk,* 739 F.2d at 463)).

12   **III.     DISCUSSION**

13            **A.    Culpable Conduct**

14            "[A] defendant's conduct is culpable if he has received actual or constructive notice of

15   the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (quoting

16   *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).  Moreover,

17   with regards to whether a defendant intentionally failed to answer, the Ninth Circuit has held

18   "that a movant cannot be treated as culpable simply for having made a conscious choice not to

19   answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad

20   faith, such as an 'intention to … manipulate the legal process.'" *Signed Personal Check No.*

21   *730*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697).  Thus, "a defendant's conduct was

22   culpable for purposes of the [good cause] factors where there is no explanation of the default

23   inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244

24   F.3d at 698.

25            Here, Defendant asserts that he filed an Answer to the Complaint and was never

1    informed by Plaintiff that "a motion to file late answer was necessary." (Mot. to Vacate ¶ 1,

2    ECF No. 39).  Moreover, Defendant asserts that the reasons for his untimely Answer are

3    contained in the Answer. (*Id.*).  In his Answer, Defendant explains that he filed late for the

4    following reasons: (1) unfamiliarity with the rules of the Court; (2) significant medical

5    procedures from February 2012 to September 2013; and (3) in speaking with his appointed

6    criminal attorney, he was "under the opinion that the Criminal Complaint took precedence over

7    the SEC complaint so the SEC complaint did not need to be answered." (Answer ¶ 1, ECF No.

8    23).  Accordingly, the Court finds that Defendant's untimeliness was not due to bad faith with

9    an intention to manipulate the legal process.  Therefore, this factor weighs in favor of vacating

10   the default judgment.

11          **B.     Meritorious Defense**

12          "A defendant seeking to vacate a default judgment must present specific facts that would

13   constitute a defense.  But the burden on a party seeking to vacate a default judgment is not

14   extraordinarily heavy." *TCI Group*, 244 F.3d at 700 (citations omitted).  "All that is necessary

15   to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would

16   constitute a defense." *Signed Personal Check No. 730*, 615 F.3d at 1094 (citing *TCI Group*, 244

17   F.3d at 700).

18          Here, Defendant raises multiple defenses in the instant motion.  First, Defendant asserts

19   that he "has not been involved in any transaction when they occurred," and "[n]one of the

20   parties named in the complaint as victims were relying in their decisions to enter into such

21   transaction on the Defendant as they did not know the Defendant at that point in time." (Mot. to

22   Vacate ¶ 2).  Second, Defendant asserts that "the transactions wrongly described and referred to

23   in the Complaint do not represent Securities as defined in Securities Act § 2(a)(l) and Exchange

24   Act§ 3(a)(10) as they are Joint Venture Agreement or Funding Commitments with a maturity of

25   a few month only and not investment contracts a stipulated by Plaintiff." (*Id.* ¶ 3).  Third,

1    Defendant asserts that "the contracts in question are based on Swiss law and any civil action

2    has therefore to take place in Zurich, Switzerland." (*Id.*).  Fourth, Defendant asserts that the

3    alleged victims would not have been the investors under the Joint Venture Agreements. (*Id.* ¶

4    5).

5        Although Defendant does not develop these defenses in the instant motion, the Court

6    finds that Defendant has met the minimal burden of demonstrating a potentially meritorious

7    defense.  Accordingly, this factor weighs in favor of vacating the default judgment.

8    **C.   Prejudice**

9        "To be prejudicial, the setting aside of a judgment must result in greater harm than

10   simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701.  Similarly, requiring a

11   plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.*  Rather, the delay

12   must result in some tangible harm, such as "loss of evidence, increased difficulties of

13   discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted).

14       Here, Defendant filed the instant motion two weeks after the Court entered default

15   judgment.  Moreover, Plaintiff has not informed the Court of any tangible harm that would

16   result in delaying resolution of the case.  Accordingly, the Court finds that Plaintiff would not

17   be prejudiced if the default judgment against Defendant was vacated.  Therefore, this factor

18   weighs in favor of vacating the default judgment.  In summary, because all of the factors weigh

19   in favor of vacating the default judgment, the Court grants Defendant's Motion to Vacate.

20   **IV.   CONCLUSION**

21       **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate Final Judgment (ECF

22   No. 39) is **GRANTED**.  Therefore, the Amended Final Judgment (ECF No. 44) is hereby

23   **VACATED**.

24       **DATED** this 14th day of April, 2015.

25

_____
Gloria M. Navarro, Chief Judge
United States District Court

Page 4 of 4