Kenneth Guido
Timothy N. England
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
Fax: 202.772.9228
guidok@sec.gov Tel. 202.551.4480
simpsons@sec.gov /  Tel. 202.551.4513
englandt@sec.gov  /  Tel. 202.551.4959
Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| *Plaintiff,* | ) ) | |
| *v.* | ) ) | **2:13-CV-2280 (GMN)(PAL)** |
| **MALOM GROUP AG, MARTIN U. SCHLÄPFER, HANS-JÜRG LIPS, JAMES C. WARRAS, JOSEPH N. MICELLI, M.Y. CONSULTANTS, INC., ANTHONY B. BRANDEL, M. DWYER, LLC, AND SEAN P. FINN,** | ) ) ) ) ) ) ) ) | **FINAL JUDGMENT AS TO JAMES C. WARRAS AND ANTHONY B. BRANDEL** |
| *Defendants*. | ) ) | |

The Plaintiff, Securities and Exchange Commission ("SEC" or "the Commission"), filed a motion for summary judgment as to James C. Warras ("Warras") and Anthony B. Brandel ("Brandel") pursuant to Federal Rule of Civil Procedure 56(a).

The Court has reviewed Plaintiff Securities and Exchange Commission's ("Commission") Motion For Summary Judgment as to Warras and Brandel, all supporting documents, and all opposition thereto (*see* ECF Nos. 82-86, 93).

Based on the evidence and authorities presented in support of the motion, the Court hereby **FINDS** as follows:

On December 16, 2013, the SEC filed the Complaint in this action against Warras and Brandel, among others, alleging that Defendants violated Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)], and Securities Act Section 17(a) [15 U.S.C. § 77q(a)]. The SEC also alleged that Brandel acted as an unregistered broker in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)]

On December 11, 2013, the United States indicted Defendants for, *inter alia,* their violations of Section 10(b) of the Exchange Act, Rule 10b-5 enacted thereunder, and Section 17(a) of the Securities Act.

On December 7, 2015, the jury in *U.S. v. Brandel*, 2:13 cr 439 (D. Nevada), unanimously decided, *inter alia*, that Defendants Warras and Brandel (collectively Defendants") violated the Section 10(b) of the Exchange Act, Rule 10b-5, and Section 17(a) of the Securities Act.

The undisputed evidence is that Warras and Brandel solicited investors to purchase the securities that were not registered with the SEC and that the funds for the investments were transmitted via wire transfers in interstate commerce in violation of Sections 5(a) and (c) of the Securities Act 15 U.S.C. §§ 77e(a) and (c).

**V.**

The undisputed evidence is that Brandel not only solicited investors to purchase the unregistered securities, but negotiated the terms of those agreements, instructed the investors where to deposit their investments and how the investors' funds should be distributed, and earned transactions based income on the transactions, acting as an unregistered broker in violation of Section 15(a) [15 U.S.C. § 78o(a)].

The Court finds that there are no genuine issues of material fact and that the SEC is entitled to judgment as a matter of law.

**THEREFORE,**

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the SEC's motion should be, and is hereby, **GRANTED**.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Defendants or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Brandel and Brandel's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o] by, directly or indirectly, in the absence of an applicable exemption, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security unless the Defendants are registered in accordance with Section 15(b) of the Exchange Act.

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly participating in the issuance, offer, or sale of any security, including but not limited to joint venture agreements, proofs of funds, bank guarantees, medium term notes, standby letters of

credit, structured notes, and similar instruments, with the exception of the purchase or sale of securities listed on a national securities exchange.

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable with each other for disgorgement of $4,920,000 representing the profits gained by the defendants in this matter as a result of the Defendants' conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,015,020.15, for a total of $5,935,020.15.  The amount Defendants are jointly and severally required to pay in disgorgement may be reduced by the amount that they have paid or will pay as a Forfeiture or Restitution in the criminal proceeding.   Pursuant to Section 21(d)(3)(B) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)(B)] and Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)].  The Court adopts the pecuniary gain approach in calculating the appropriate civil penalty here.  Therefore, Warras is individually liable for a civil penalty in the amount of $720,000.00.  Brandel is individually liable for a civil penalty in the amount of $630,000.00.  Warras and Brandel each shall satisfy their obligation(s) by paying disgorgement with prejudgment interest and civil money penalties to the Securities and Exchange Commission within 14 days after entry of this Partial Final Judgment.  Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

     Enterprise Services Center

     Accounts Receivable Branch

     6500 South MacArthur Boulevard

     Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; disclosing James C. Warras and Anthony B. Brandel as Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payments of civil penalties in this action ("Penalty Offset"). If the Court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice. Any amount that Warras and Brandel pay in restitution shall be offset against the disgorgement ordered herein.

Accordingly,

**CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 78) is **GRANTED**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Defendant Warras' Motion for Summary Judgment (ECF No. 86) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Brandel's Motion for Stay (ECF No. 83) is **DENIED as moot**.

The Clerk of Court is ordered to enter judgment accordingly and close the case.

**DATED** this  29   day of September, 2017

_____
**Gloria M. Navarro, Chief Judge**
**United States District Court**