# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.

MALOM GROUP AG, *et al.*,

        Defendants.

Case No.: 2:13-cv-02280-GMN-PAL

**ORDER**

Pending before the Court is Defendant James Warras' ("Warras'") Motion for Reconsideration, (ECF No. 107).[1] Plaintiff Securities and Exchange Commission ("Plaintiff") filed a Response, (ECF No. 112). Warras filed a Supplemental Motion, (ECF No. 132), to his Motion for Reconsideration, and Plaintiff filed a Response, (ECF No. 133), to the Supplement. Warras filed a Reply, (ECF No. 134).

Also, Defendant Anthony B. Brandel ("Brandel") filed two Joinders to Warras' Motion for Reconsideration and Supplement, (ECF Nos. 125, 135).[2] Additionally, Brandel filed a Supplemental Motion, (ECF No. 126), to Warras' Motion for Reconsideration. Plaintiff filed a Response, (ECF No. 127), to Brandel's Supplement, and Brandel filed a Reply, (ECF No. 128).

## I. BACKGROUND

This case arises out of Plaintiff's complaint alleging that Brandel and Warras, among others, violated the Securities and Exchange Act of 1934 ("Exchange Act") Section 10(b) and Rule 10b-5 thereunder, the Securities Act of 1933 ("Securities Act") Sections 5(a) and (c), and

---

[1] On December 29, 2017, Warras filed an ERRATA to his Motion for Reconsideration, (ECF No. 118).

[2] In light of Brandel's *pro se* status, the Court will liberally construe his Joinders as Motions to Join. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For good cause appearing, the Court **GRANTS** Brandel's Motions for Joinder, (ECF Nos. 125, 135).

Securities Act Section 17(a). (Compl. ¶¶ 195–212, ECF No. 1). Plaintiff also alleged that Brandel acted as an unregistered broker in violation of the Exchange Act Section 15(a). (*Id.*).

On December 7, 2015, the jury in *U.S. v. Brandel*, 2:13-cr-439-KJD-VCF (D. Nev.), unanimously decided, *inter alia*, that Defendants Warras and Brandel (collectively "Defendants") violated Section 10(b) of the Exchange Act, Rule 10b-5, and Section 17(a) of the Securities Act. Consequently, on September 29, 2017, the Court found that there was no genuine issue of material fact in the instant action and granted Plaintiff's motion for summary judgment against Brandel and Warras. (Order, ECF No. 98).

In the instant Motion, Defendants request that the Court reconsider its Order granting summary judgment. (*See* Mot. for Reconsideration, ECF No. 107).

## II.     LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order. This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v.*

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* LR 59-1(a).  Once a motion to reconsider is granted and the merits of the arguments have been reconsidered, the court may deny a request that the court alter its prior opinion. *See Ashby v. Farmers Ins. Co. of Oregon*, No. CV 01-1446-BR, 2006 WL 6036363 (D. Or. Jan. 17, 2006) (granting a motion to reconsider, but adhering to the court's previous ruling).

## III. **DISCUSSION**

After a review of the Motion for Reconsideration and the Supplements filed by Defendants, the Court finds that Defendants have failed to provide any grounds for reconsideration.  "A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a strongly convincing nature in support of reversing the prior decision." *Hernandez v. IndyMac Bank*, No. 2-12-cv-00369-MMD-CWH, 2017 WL 1550233, at *1 (D. Nev. Apr. 28, 2017), *aff'd*, 719 F. App'x 672 (9th Cir. 2018) (quotation and citation omitted).  Here, Defendants have not set forth facts or law that strongly convince the Court to reconsider and reverse its prior decision.  Defendants reference evidence from the criminal trial where Defendants were found guilty of securities fraud, however, they have failed to identify newly discovered evidence for review. (*See* ERRATA Mot. for Reconsideration at 10–16, ECF No. 118).  Indeed, Plaintiff states that "Warras also does not claim that newly discovered evidence has been uncovered.  Nor can he because there is no newly discovered evidence." (Resp. at 3, ECF No. 112).

Additionally, Defendants present no clear error or an intervening change in controlling law.  Defendants simply re-assert the arguments they presented in their filings opposing summary judgment, and attempt to re-litigate facts adjudicated in Defendants' criminal trial.  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold*, U.S.A., 378 F. Supp. 2d 1280,

1288 (D. Nev. 2005). For this reason, Defendants have offered no valid reason for the Court to reconsider its Order granting summary judgment, (ECF No. 98).

Accordingly, the Court **DENIES** Defendants' request for Reconsideration.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Warras' Motion for Reconsideration, (ECF No. 107), is **DENIED**.

**IT IS FURTHER OVERED** that Brandel's Supplemental Motion for Reconsideration, (ECF No. 126), is **DENIED**.

**IT IS FURTHER OVERED** that Warras' Supplemental Motion for Reconsideration, (ECF No. 132), is **DENIED**.

**IT IS FURTHER OVERED** that Brandel's Motions for Joinder, (ECF Nos. 125, 135), are **GRANTED**.

**DATED** this  21  day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court